Your Honor, this is the first case of the morning called 210-061, People of the State of Illinois v. Amy L. Damkroger. On behalf of the appellant, Mr. Sunil Bhave. On behalf of the appellee, Mr. Peter R. Moore. Gentlemen, before we start, you have the distinct honor and privilege to be here this morning because this morning is the very first oral argument in which Justice Joe Burkett will take part and I just wanted to make that a record because we are delighted to have a new member on the court and we wish him success. Now, gentlemen, are you both ready to proceed? Yes, Your Honor. You may proceed when you're ready. Good morning, Your Honors. May it please the court. My name is Sunil Bhave and I'm an Illinois Assistant Attorney General here on behalf of the Illinois Secretary of State. This is an appeal of a friendly contempt judgment whereby the secretary has declined to comply with the circuit court order directing him to issue what's known as a monitoring device driving permit or a MDDP license. The secretary was justified in declining to comply with the circuit court's order for two reasons. First, the court's order is void as a matter of law and where the underlying order upon which a contempt judgment is based is void, contempt cannot lie. Second, Ms. Dan Kroger, the defendant appellee in this case, is not a first offender within the meaning of Section 11-500 of the Motor Vehicle Code and the secretary is legally able to issue a MDDP to only a first offender. Because we were legally unable to comply with the circuit court's order, contempt should be reversed and vacated. Turning to the first issue, Section 6-206.1 subsection A1 states that a circuit court shall not order the secretary to issue a MDDP to a driver and the legislature uses the words in any instance where the driver's license is otherwise invalid, such as the facts of the case here. On October 9, 2009, the circuit court ordered us to issue a MDDP to Ms. Dan Kroger for her second DUI suspension. Now, she had two DUI offenses within 30 days in this case. At the time the circuit court ordered us to issue the MDDP, Ms. Dan Kroger's license was otherwise invalid because her license was suspended for the first DUI suspension. Thus, when the circuit court ordered us to issue the MDDP, Ms. Dan Kroger's license was invalid and under Section 6-206 subsection A1, the court had no authority to order us to issue the MDDP. Thus, under Section 6-206 subsection D, 6-206.1 subsection D, we sent the order back to the circuit court as required by the statute, informing the circuit court that an MDDP could not be issued. What's your position with respect to People v. Crawford? We believe that People v. Crawford was rightly decided, although perhaps incomplete in its analysis. The decision in People v. Crawford, the case involved a DUI offender who was arrested twice within a two-hour period, and the court there stated that that offender was not a first offender within the meaning of the statute. Now, we suggest that the analysis should involve an application of Section 1-204 of the Motor Vehicle Code, which is the relevant provision defining what is a driver's license suspension. To determine whether one has had a driver's license suspension within five years prior to the date of the current offense, that's the definition of a first offender, we need to know when the driver's license suspension occurred. Here, the driver's license suspension occurred, we contend, on July 2, 2009, because under the statute, a suspension occurs when the secretary takes formal action, withdrawing temporarily one's license or privilege to drive for a designated period of time. Now, on July 2, 2009, we did take formal action. We issued a confirmation of statutory summary suspension formally to Ms. Dan Kroger. In fact, the first sentence says, pursuant to the provisions of the Illinois Vehicle Code, this is confirmation that your Illinois driver's license or privilege to operate a motor vehicle are suspended. What Ms. Dan Kroger argues is the effective date of a driver's license suspension is the triggering date to determine when the suspension occurs. We think that's an incorrect analysis, and in fact, if you look at the statute of the driver's license suspension's definition, the statute says nothing about the effective date of a driver's license suspension. And it's only improper to read into a statute a condition that the legislature has not otherwise expressly provided for. Moreover, if you look at the Motor Vehicle Code as a whole... Are you taking the position that the effective date of suspension will be the date of the accident? Or the date that the party was first advised of the suspension by the arresting officer? No, the effective date of a suspension is defined in the statute in section 11-501.1 subsection G. It's 46 days after the law enforcement sworn report is issued to the driver, which is usually on the date of the incident. 46 days after that, the suspension takes effect. Now, we agree that's the effective date of the suspension. That's by statute. The warning to motorists that the officer provides does not warn the motorists that this remedy to rescind will be taken away if you're arrested again, correct? I don't believe that that is in the law enforcement sworn report. We do have that on page 8-12. I don't believe some of that, that the MDPD would be taken away. The warning to motorists essentially confers a remedy which you're suggesting should just be arbitrarily taken away if you're arrested again without notice to the motorists. Correct? We don't think any remedy should be arbitrarily taken away. What we're contending is that a driver's license suspension occurs, can occur prior to the effective date of the driver's license suspension. That the driver's license suspension occurs, the imposition, I should say, of the suspension is when the secretary takes formal action. What's the difference between imposing the suspension and an effective date of the suspension? The imposition of a suspension is the secretary taking formal action advising the driver that a license suspension has occurred. The effective date of the effective suspension is the suspension is no longer valid. Let me analogize it to the criminal context, such as the suspension of a sentence and the execution of a sentence. Here the suspension of the sentence would be the confirmation of the statutory summary suspension. Your license is suspended, but it doesn't take effect until the effective date, which is 46 days after the date of the offense. And that gives the driver some time to prepare for the fact that his license is going to be suspended to get his affairs in order. It also allows the driver an opportunity to file a petition to rescind a statutory summary suspension. That's one of the things that we argue in our brief is the legislature must have recognized that a suspension can be imposed before it takes effect. Because it allows drunk drivers to file a petition to rescind a suspension even before the suspension takes effect. Under section 2-118.1 subsection B, the driver can file a petition to rescind the suspension immediately, but it doesn't take effect until 46 days later. Moreover, under Ms. Damkroger's interpretation, sort of a perverse public policies will be created. If one receives a DUI arrest today, under Ms. Damkroger's interpretation, one could receive 30, 40, 50 DUIs within the next 46 days and still be considered a first offender. Why not make the effective date the date of arrest? I don't think the effective date is defined by statute. Isn't the notice to the warning motorist really the effective date when a driver is notified that he or she will be suspended? I don't think we can say that that's the effective date. And the reason I say that is because under section 11-501.1 subsection G, the effective date of a driver's license suspension is 46 days after the date of the arrest. Now, under section 1-204, which is what we rely on to determine the date the suspension was imposed, that statute says that there has to be formal action by the secretary. And at the time of the arrest, the law enforcement officer is taking the action by issuing the notice to the driver. Isn't the action by the secretary, though, just ministerial? I mean, by operation of law, as soon as the warning is issued, the secretary of state is taking formal action and the officer is acting on behalf of the secretary. It's not really ministerial because the secretary doesn't in every instance by operation of law have to issue the confirmation of statutory summary suspension. For example, there's some defect in the law enforcement sworn report. By statute, the secretary's order is mandated to send the law enforcement sworn report back to the court of venue and back to the officer for correction. So it doesn't just operate ministerially. There is discretion there. But what it comes down to is section 1-204 does state that formal action has to be taken by the secretary for the license to be suspended. And that is what we did on July 2, 2009. Therefore, I do reiterate that the circuit court's order is also invalid. And that is another argument that we make for declining to comply with the circuit court's order. If there are no other questions, your honors, we do respectfully request that the circuit court's judgment of contempt be reversed and vacated. Thank you. Good morning. Congratulations. Please, the court counsel. Ms. Dan Carter was arrested for what is her second DUI on July 17, 2009. She'd been arrested for a DUI prior to that. Under the precedent of this district as well as following precedent from other districts in the appellate courts of Illinois, the statutory language definition of first offender requires that the date of this arrest coming back five years, we look to see whether or not somebody has suffered a statutory summary suspension. Looking back at her record from four or five years from July 17, 2009, we find that she had not suffered a statutory summary suspension. The effective date of her statutory summary suspension from the first arrest was going to actually go into effect after July 17, 2009. Therefore, she qualifies as a first offender under the definition of the statute. Section 501.1G specifically states that the suspension shall go into effect on the 46th day following the date of arrest. That is the date on which her suspension for the first DUI was to begin, and it is not contained. It does not fall within that five-year period. The statutory structure that we have here regarding relief through MDTPs is one which is both kind to the driver and punishes them. What about the fact that by the time the MDTP went into effect, her license was otherwise invalid because the other suspension went into effect? I'm not sure. The secretary cannot issue the special permit when the license is otherwise invalid, correct? That is true. Wasn't her license suspended for the first DUI by the time that that MDTP and the order went into effect? No, Your Honor. Her license was still valid because under the statutory structure and scheme that we have, a person who is arrested for DUI who is then also subject to the implied consent law and the statutory summary suspension is permitted to drive for an additional 45 days. On that 46th day at midnight, that's when her license is suspended. So she was not suspended between the date of her first arrest and for the next 45 days hence. I'm asking the MDTP order, when was that supposed to go into effect? It was October, correct? Correct. By that time, the license for her first DUI was already suspended, correct? So her license was otherwise invalid, is that correct? Her license was suspended but she was not disqualified from receiving relief as a first offender and therefore her license, while suspended, was still eligible for the MDTP because despite the fact that the MDTP was eligible in October, the definition of first offender is what controls. She is otherwise eligible, her license is suspended, that is true, but she is otherwise eligible because she was a first offender. The determination of her first offender status is done by the calculus created by the definition and precedent we have in the court. How do you get around this language of the code? It's section 6-206.1, plan 8. If the offender's driver's license is otherwise invalid, the court shall not direct the secretary to issue a driving permit, MDDP. How do you explain the meaning of that with respect to your clients whose license, original license was suspended, or her license was suspended effective August 6th of 2009 by order, by the, well, the effect of 511-501.1 regarding the 46th day and the letter from the secretary of state? She is eligible, she's not otherwise ineligible because she meets the definition of a first offender. Well, if your license is suspended for, I apologize. Well, my question initially was to explain the language of 6-206, which says the court shall not issue a license if the license is invalid. And why would the license not be invalid as of August 6th when it was suspended per statute? Every person who goes before a trial judge, circuit court judge, and applies for relief by the MDDP who waits more than 46 days from the date that they have run afoul of the implied consent statute, they walk before the court with their MDDP petition with an invalid license because by operation of law on that 46th day their license is suspended. That provision of the code that you referenced has to encompass a petitioner who seeks MDDP relief after the 46th day has passed. Otherwise, there would be no point in having an MDDP solution or resolution for a driver who for the remainder of that suspension, be it six years or six months or one year, is seeking relief. Ms. Dampkow defines herself in that same category. By approaching on that date in August, the suspension had gone into effect, but nevertheless she was still a first offender, and therefore the court did have the authority and the power to issue her the relief that she had requested. Let me ask you this. An arrested DUI offender can petition the court while they can still drive, although they've received notice of a statutory summary suspension, right? So you really want it both ways. You want to be able to use that period to file a petition, but not use that date of notification as a triggering date, correct? No. I don't. I professionally don't want it both ways. The law and the legislature have actually created the 45-day window for people to get their affairs in order. Then they have a separate 30-day hard punishment, which is all part of the legislature's scheme to create both the incentive to have the MDDP, to not impose a punishment that limits them with no driving relief, but then afterwards imposes a 30-day penalty. I'm not asking to have it both ways. I'm asking for my client simply to have that first 45 days. I think the statutory – I'm sorry. No, that's fine. The other question is this. The term otherwise invalid isn't just a common-sense interpretation. Otherwise invalid makes reference to not this DUI, but other action taken by the Secretary of State otherwise invalid. Isn't that really what it refers to? Isn't that what it refers to? I honestly can't say because my argument, of course, is the fact that since we have a definition and the definition clearly states forth a five-year period in which we look from one date to another, this specific definition in the statutory scheme we have with it is much more specific and concise and speaks to this particular issue as compared to a throwaway phrase that says otherwise invalid. I mean, otherwise invalid, that's a cup that can include a ton of different water from a ton of different sources. The definition of first offender in the statutory scheme by which we allow people relief is relatively narrow, and therefore I don't think that we should take that and try to cram it into an otherwise invalid type of language. I think that is too broad and unencompassing. It might include it, but in this particular case, the statutory scheme and the language, the different subsections we have regarding the relief, the penalties and the 45 days of getting your act together would seem to contradict that. In terms of what you just indicated, the ruling regarding contempt, isn't the Secretary entitled to some leeway then in his interpretation of the term otherwise invalid? I mean, the Secretary interprets it as her license was otherwise invalid, and you say it's not clear. Isn't the Secretary entitled to some discretion in making that determination when he decides whether or not a person's license is otherwise invalid? Well, he may have some discretion with regard to filing the appropriate motion, but then certainly not to disregard an order of the court, because at that point in time, we do have a trial court who has taken a look at the legislation and has taken a look at not only the definitions drafted by the legislature, but the precedent handed down by the various courts, has applied all that to a specific instance and has made a determination. This, at that point, their discretion is not necessarily part of the statutory scheme. There's nothing in the discretion that says, I know you disagree, but now you've been heard on the matter, so please don't disagree with me anymore. Issue the MDP. If they continue to insist that their discretion is better than what the precedent in the statute says, then, of course, I would have to argue that they are in contempt of court, because the court is the one who makes the decision. Under your argument, the defendant would be able to drive each of the 46 days and obtain a DUI arrest each of those 46 days, and you believe that that was the intent of the legislature with respect to defining first offender, namely that first offender is any person who has not had a license suspended within, per section 11-501.1, within five years. So your argument would actually allow the driver, after getting the first DUI, to drive each day during the following 45 days and also obtain a DUI on each of those occasions and expose the public to great danger, assuming that he was intoxicated. And I don't think that's the intent of the legislature. I will agree that your statement, I could not agree that the legislature actually passed this law so as to intend or allow somebody to pick up a DUI every day, even twice or three times a day, up until the point that the effective date comes in. I have to agree with that, but I do believe that, based upon the overall structure of the statute, we do have a period of 45 days in which a person can get their orders together. If they suffer a second DUI during that time, it's not as though the public is completely without any safeguards. The legislature, in terms of what the Secretary of State can do, is separate and distinct from what, say, a state's attorney can do or a criminal court can do or the criminal law can do. If, on a subsequent DUI arrest, the person appeared before the judge and the state's attorney through their assistant state's attorney's representative person had been arrested two days before or a day before, conditions of bond can be certainly put in place. That's assuming the same state's attorney is involved. It could be all over the state. They also have the opportunity, then, to... Two counties that you could go into. You could come back into court and file a motion to amend the bond to restrict them further. This particular statute, though, has to deal with the fact that the MDDP is part and parcel of weighing the cost to the individual who is losing their license and then to the public safety. Now, within that structure, there is already known what accommodations are being made. So, in the extreme, after 46 arrests after 46 days, you're right. At some point, that scheme doesn't appear to work. But that doesn't mean that the scheme, then, is invalid or, as written, has some exception that must be found within it. It should then be changed because the scheme recognizes within it the ability for abuse. Now, we don't have facts on record suggesting that my client willfully or maliciously in any way abused that system or is seeking to exploit this system because of any malicious or bad intent on her part. What we have is a series of circumstances. And my answer, again, to you, although I've said it before, is there are other remedies which are specific to those counties where she is found and arrested that can be imposed to restrict her limiting her ability to drive. The Secretary of State is meant to impose the MDDP provisions, not necessarily, through this legislation, to actually step into the seat of state's attorneys in different counties in order to protect those people in that instance. What happens? Assume, for the sake of argument, that there was no contempt and the Secretary had issued the MDDP. She wouldn't still be unable to drive because she's suspended on her first DUI, which does not carry with it an MDDP. Oh, I'm sorry. Is that correct or no? No, I disagree. I think that she would be, I think she would. Did she apply for an MDDP on her first DUI? I'm afraid I don't know if it was rescinded or I apologize. The record shows she did not. Okay. My memory of the record. I apologize. I'm unfamiliar with the fact. I don't know. She filed under the 408 number. No, that's the first one. 4681 number. She. What happened to the first suspension? Doesn't that make a difference? It makes a difference. Not a significant difference. Because if she's a first offender for purposes of the second arrest, she's a first offender for purposes of the first arrest. If her trial counsel failed to file an MDDP for the first one, but filed it for the second one, and then the Secretary of State issued her one for the second one, but still said you were suspended, trial counsel then would be eligible at some point during that first suspension to go back and ask for an MDDP for the first one. And then, in which case, satisfying the definition of first offender, she would have received the relief that she was entitled to. However, if the first suspension was in effect. Correct. And her license was suspended for the first one, isn't she, at the time she petitions on the second case, does not have an otherwise valid driver's license? In other words, at the first DUI, the suspension goes into effect. Either the petition, either there was no petition for a driving device filed, or the petition to rescind was, for whatever reason, her license is suspended on, what would it have been, August 6th. Then when she appears to file her petition on the second one, regardless of whether she's a first offender or not, her license is otherwise suspended. Correct? And not on this case, on a different case. If I understand Your Honor correctly, we may have appealed the issue as it relates to the definition of first offender, but when it comes down to the contempt, if there's anything else in the record that would support not finding the Secretary of State in contempt, I'm in trouble because she's otherwise suspended because of the first DUI. That's kind of my question. Yeah. Yes, technically yes, and I still think that relief would be available. Because? She's still a first offender. Right, but doesn't the statute require both? I mean, both that she be a first offender and that her license not be otherwise invalid? But her otherwise is otherwise invalid for the same first offender definition, which she needs. No, but it's a different suspension. But it's the same definition. For the sake of argument, I'll grant you she's a first offender on both. Okay. Just for the sake of argument. But under that second prong, on the second DUI, she is suspended on the applied consent for the second DUI. But by that time, the first suspension is already in effect. So she's petitioning on the second DUI with respect to the second suspension. The first suspension is in effect and her license is suspended. It is not otherwise valid. That's my question. That would appear, well, my response is that would appear to be form over substance because in either analysis, she is in fact a first offender. And if she made the petition for the second one and we examine the otherwise invalid, we find that the otherwise invalid is also premised upon the same definition that she is a first offender here. In which case, then, it would be a highly technical reason to disqualify her because a subsequent petition or amended petition for MDPP adding the first case number would rectify the problem. It's not as though we have actual impediments. We can't change the facts. I understand. We're in the appellate court. We're stuck with the facts as they come. I understand. Okay. I'll point out this. One of the unintended consequences of using that August 6th date and the license is suspended. Some insurance companies have policies that eliminate coverage for an operator of a car who is driving on a revoked or suspended license. So I certainly would look into that issue with respect to your claim, if that's true. Thank you, Your Honor. Thank you, Your Honor. I'd ask you to affirm the decision of the trial court. Counsel, do you wish to offer a rebuttal? Just for a moment, Your Honor. Okay. May it please the Court? I'd just like to follow up, Justice Jorgensen, on what you were saying. We agree with what your interpretation analysis and this course of analysis seem to indicate with respect to the otherwise invalid language. We're really asking for relief here on two separate grounds. The first offender analysis, we contend, is wholly separate from whether Ms. Danforger's license was otherwise invalid. Here she requested the MDDP, and the Court ordered us to issue the MDDP for the second DUI suspension. But at that time, the first suspension had taken effect on August 6th, 2009. Therefore, it was otherwise invalid. And that's all I have, Your Honors. We do ask for a reversal. Any additional questions? Questions? All right. Thank you very much. We'll be at recess.